IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

CLERK'S OFFICE U.S. DIST. COURT
AT HARRISONBURG, VA
FILED

October 22, 2025

LAURA A. AUSTIN, CLERK
BY: s/J.Vasquez
DEPUTY CLERK

| | | |
|---|---|---|
| Eric Matthew Banker, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 7:25-cv-00343 |
| | ) | |
| Bland Correctional Center *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM OPINION AND ORDER

Plaintiff Eric Matthew Banker, an incarcerated individual proceeding *pro se*, filed a civil rights action under 42 U.S.C. § 1983. Banker claims he has been victimized by "cyber crimes" directed at him and sexual and mental abuse. (Dkt. 16.) Banker submitted the financial documentation and consent to collection of fees form required to support his application to proceed *in forma pauperis*. (*See* Dkts. 12, 14.)

While the court finds that Banker qualifies to proceed without prepayment of fees or costs, it also finds that the complaint in this action fails to state a viable claim upon which relief could be granted. Accordingly, the court grants the *in forma pauperis* application but dismisses this action without prejudice *sua sponte* under 28 U.S.C. § 1915(e)(2)(B).

### I.    Standard of Review

The court must dismiss a complaint filed *in forma pauperis* "at any time" the court determines that the complaint "fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii); *Eriline Co. S.A. v. Johnson*, 440 F.3d 648, 656–57 (4th Cir. 2006). This statute

"is designed largely to discourage the filing of, and waste of judicial and private resources upon, baseless lawsuits that paying litigants generally do not initiate because of the costs of bringing suit." *Neitzke v. Williams*, 490 U.S. 319, 327 (1989).

The standards for reviewing a complaint for dismissal under § 1915(e)(2)(B)(ii) are the same as those which apply when a defendant moves for dismissal under Federal Rule of Civil Procedure 12(b)(6). *De'Lonta v. Angelone*, 330 F.3d 630, 633 (4th Cir. 2003). Thus, in reviewing a complaint under this statute, the court must accept all well-pleaded factual allegations as true and view the complaint in the light most favorable to the plaintiff. *Philips v. Pitt Cnty. Mem'l Hosp.*, 572 F.3d 176, 180 (4th Cir. 2009). To survive a motion to dismiss for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.*

While the court will construe *pro se* complaints liberally, *Estelle v. Gamble*, 429 U.S. 97, 106 (1976), the plaintiff must state a right to relief that is cognizable and plausible on its face. *See Iqbal*, 556 U.S. at 678.

## II.    Analysis

Banker's complaint fails to state a claim upon which relief can be granted. Banker originally submitted a complaint in this action that named Bland Correctional Center as the sole defendant. (Dkt. 1.) The court subsequently advised him that Bland Correctional Center was not a viable defendant to a claim asserted under § 1983. (Dkt. 15 at 2.) The court advised Banker that he needed to name particular persons as defendants and that he needed to specify

the actions or inactions taken by each defendant in order to establish a plausible claim of entitlement to relief. (*Id.*) In recognition of his *pro se* status, the court gave Banker an opportunity to submit an amended complaint. (*Id.*)

Banker submitted an amended complaint. (Dkt. 16.) However, the style on the amended complaint still lists only Bland Correctional Center as the named defendant but adds that "all employees are considered defendants and/or witnesses." (*Id.* at 1.) He did identify certain persons as defendants on pages 2 and 3 of the amended complaint, but the amended complaint contains no specific factual allegations about the actions or inactions of these people. Dismissal of defendants named only in the caption of the case is appropriate when the complaint fails to include any allegations specific to those defendants. *See Harris v. City of Virginia Beach*, 11 F. App'x 212, 214–15, 217 (4th Cir. 2001) (upholding dismissal of five defendants because of lack of allegations of personal involvement). The amended complaint lacks specific factual content from which the court could conclude that Banker established a plausible claim of entitlement to relief from any of the mentioned defendants.

### III.    Conclusion and Order

For the foregoing reasons, the court **GRANTS** the application to proceed *in forma pauperis*, but **DISMISSES** the complaint **without prejudice** pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii); *see also* § 1915A(b)(1) (providing for same bases for dismissal). The Clerk is **DIRECTED** to send a copy of this Memorandum Opinion and Dismissal Order to Banker and **CLOSE** the case.

**IT IS SO ORDERED.**

**ENTERED** this 22nd day of October, 2025.

HON. JASMINE H. YOON
UNITED STATES DISTRICT JUDGE